# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WESTPORT FUEL SYSTEMS CANADA INC., <br><br> Plaintiff, <br><br> v. <br><br> MERCEDES-BENZ USA LLC, <br><br> Defendant. | Case No. 2:21-cv-00454-RWS <br><br> JURY TRIAL DEMANDED <br><br> Oral Argument Requested |

**DEFENDANT MERCEDES-BENZ USA, LLC'S MOTION TO DISMISS
PURSUANT TO RULE 12(b)(3) AND 12(b)(6)**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND ................................................................................................2

III. STATEMENT OF LAW .......................................................................................................2

    A. Rule 12(b)(3) ..................................................................................................................2

    B. Rule 12(b)(6) and *Twombly* .........................................................................................3

IV. ARGUMENT .........................................................................................................................3

    A. Improper Venue .............................................................................................................4

        1. MBUSA Does Not "Reside" In This District ............................................. 4

        2. MBUSA Does Not Have A "Regular And Established Place Of Business" In This District ................................................................................................. 4

            a. Mercedes dealerships are not regular and established places of business under Federal Circuit and other case law. ........................ 5

            b. Third-party dealerships are not "regular and established places of businesses" under the since-vacated *Blitzsafe* decision .................. 9

    B. Failure to State a Claim Of Indirect Infringement .................................................12

V. CONCLUSION ....................................................................................................................13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*,
  6 F.4th 1283 (Fed. Cir. 2021) .................................................................................................Passim

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................................... 3

*Blitzsafe Texas, LLC v. Bayerische Motoren Werke AG*,
  2:17-CV-00418-JRG, 2018 WL 4849345 (E.D. Tex. Sept. 6, 2018),
  *vacated sub nom. Blitzsafe Texas LLC v. Mitsubishi Elec. Corp.*, No. 2:17-
  CV-00418-JRG, 2019 WL 3494359 (E.D. Tex. Aug. 1, 2019) ........................................ 9, 10, 11

*Bd. Of Regents* v. *Medtronic PLC*,
  No. A-17-cv-0942-LY, 2018 WL 4179080 (W.D. Tex. July 19, 2018) ................................. 8, 11

*Brunette Mach Works Ltd. v. Kockum Indus., Inc.*,
  406 U.S. 706 (1972) ....................................................................................................................... 5

*Cannon Mfg. Co. v. Cudahy Packing Co.*,
  267 U.S. 333 (1925) ....................................................................................................................... 3

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ............................. 13

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
  No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018) ............................... 6

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010) .................................................................................................. 13

*Gaddis v. Calgon Corp.*,
  449 F.2d 1318 (5th Cir. 1971) ...................................................................................................... 5

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) .......................................................................................... 3, 4, 11

*In re Google LLC*,
  949 F.3d 1338 (Fed. Cir. 2020) .................................................................................................... 9

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018) ................................................................................................ 2

*Interactive Toybox v. Walt Disney Co.*,
    Case No. 1:17-CV-1137-RP, 2018 WL 5284625 (W.D. Tex. Oct. 24, 2018) ........................... 8

*Nobelbiz, Inc. v. Insidesales.com, Inc.*,
    No. 6:13-CV-360-MHS, 2014 WL 12378804 (E.D. Tex. Oct. 14, 2014) ................................ 13

*Omega Pats., LLC v. Bayerische Motoren Weke AG*,
    508 F.Supp.3d 1336(N.D. Ga. Dec. 2020) .......................................................................... 8, 10

*Post Consumer Brands, LLC v. Gen. Mills, Inc.*,
    No. 4:17-CV-2471-SNLJ, 2017 WL 4865936 (E.D. Mo. Oct. 27, 2017) ................................. 8

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    843 F.3d 1315 (Fed. Cir. 2016) .............................................................................................. 13

*Schnell v. Peter Eckrich & Sons, Inc.*,
    365 U.S. 260 (1961) .................................................................................................................. 2

*Soverain IP, LLC v. AT&T, Inc.*,
    No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158 (E.D. Tex. Oct. 31, 2017) ........................ 6

*Symbology Innovations, LLC v. Lego Sys.*,
    282 F.Supp.3d 916 (E.D. Va. 2017) .......................................................................................... 8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017) ..................................................................................................... 2, 3, 4

*Westech Aerosol Corp. v. 3M Co.*,
    927 F.3d 1378 (Fed. Cir. 2019) ................................................................................................. 8

*W. View Rsch., LLC v. BMW of N. Am., LLC*,
    No. 16-CV-2590 JLS (AGS), 2018 WL 4367378 (S.D. Cal. Feb. 5, 2018) .............................. 8

**Statutes**

28 U.S.C. § 1400(b) .......................................................................................................... *passim*

35 U.S.C. § 1406 ................................................................................................................ 1, 4, 12

Tex. Occ. Code Ann. § 2301.002 .............................................................................................. 12

Tex. Occ. Code Ann. § 2301.354(a) ...................................................................................10

Tex. Occ. Code Ann. § 2301.476 .........................................................................................9

Tex. Occ. Code Ann. § 2301.476(c) ................................................................................6, 12

Tex. Occ. Code Ann. § 2301.476(d) .....................................................................................6

Tex. Occ. Code Ann. § 2301.476(e) .....................................................................................6

Tex. Occ. Code Ann. § 2301.476(g) .....................................................................................6

**Rules**

Federal Rule of Civil Procedure 12(b)(3) ........................................................................1, 2

Federal Rule of Civil Procedure 12(b)(6) ....................................................................1, 2, 3

**Other Authorities**

14D Charles Alan Wright & Arthur R. Miller, Fed. Practice and Proc. § 3823 (4th
    ed. 2018) ........................................................................................................................3, 6

## STATEMENT OF ISSUES TO BE DECIDED
## BY THE COURT PURSUANT TO LOCAL RULE 7(a)(1)

1) Whether the Court should dismiss this patent case under Rule 12(b)(3) and 28 U.S.C. § 1406 for improper venue because Defendant Mercedes-Benz USA, LLC does not reside in this District and does not have a regular and established place of business in this District, as required to support venue under 28 U.S.C. § 1400 in view of *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283 (Fed. Cir. 2021).

2) Whether the Court should dismiss the indirect infringement allegations in this patent case under Rule 12(b)(6) because Plaintiff Westport Fuel Systems Canada Inc.'s Complaint fails to state a claim upon which relief can be granted.

I.    **INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), Defendant Mercedes-Benz USA, LLC ("**MBUSA**") moves to dismiss the Complaint of Plaintiff Westport Fuel Systems Canada, Inc. ("**Westport**") for the reasons herein.[1]

***First***, the Complaint should be dismissed or transferred for improper venue under Rule 12(b)(3). MBUSA does not "reside" in this District. It is incorporated and thus "resides" in Delaware. MBUSA also does not have a "regular and established place of business" in this District. It owns and operates no physical locations in the District. Additionally, the dealerships selling MBUSA vehicles in the District Westport references in its complaint are not owned or operated by MBUSA. Rather, they are separate and distinct corporate entities owned by others.

Westport's attempt to impute the places of business of third parties to MBUSA is doomed to fail. In a seminal decision issued on August 3, 2021, the Federal Circuit explicitly stated that the place of business of one company cannot be imputed to another for venue purpose when corporate separateness is maintained. *Andra Group, LP v. Victoria's Secret Stores, LLC*, 6 F.4th 1283 (Fed. Cir. 2021). Therefore, this case must be dismissed for improper venue, or, in the alternative pursuant to 35 U.S.C. § 1406, MBUSA should be transferred to the Northern District of Georgia, where MBUSA has its principal place of business.

***Second***, to the extent Westport requests judgment that MBUSA indirectly infringes its

---

[1] Contemporaneous with this motion, MBUSA is filing a motion to stay this case pending resolution of identical venue questions before the Federal Circuit. The Federal Circuit is expected to issue a ruling soon on the exact venue issue now before the Court in this motion, i.e., whether third-party automobile dealerships can establish venue over unrelated automobile distributors that are separate corporations. *See In re: Volkswagen Group of America, Inc.*, No. 22-108, (Fed. Cir. Nov. 2, 2021*)* and *In re: Hyundai Motor America*, No. 22-109 (Fed. Cir. Nov. 2, 2021)*.* Other courts in this District have stayed proceedings against MBUSA and other automobile manufacturers and distributors for this precise reason, *see e.g., Arigna Tech. Ltd. v. Volkswagen AG,* No. 2:21-cv-00054-JRG, Dkt. No. 464 (E.D. Tex. Feb. 2), and the situation here should be no different.

patents, that request should be dismissed under Rule 12(b)(6) for failure to state a claim. The Complaint makes no allegations whatsoever that MBUSA commits indirect infringement, and only a single statement in the Complaint's Prayer for Relief alleges that "A judgment that Defendant infringes, directly and/***or indirectly***, one or more claims of each of the Westport Patents." It is unclear whether Westport intends to plead indirect infringement, but to the extent it does, such claims should be dismissed, as the Complaint is devoid of any supporting allegations or facts (even conclusory ones).

## II.     FACTUAL BACKGROUND

Westport filed the Complaint in this action on December 15, 2021, asserting U.S. Patent Nos. 6,298,829 and 6,575,138 against MBUSA. Dkt. No. 1 at ¶ 1. On this same date, Westport also filed actions in this District alleging infringement of the same patents against four other automakers or distributors. Case Nos. 2:21-cv-00453, -00455, -00456, -00457.

## III.    STATEMENT OF LAW

### A.     Rule 12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) supports dismissal of a case when venue is improper. "The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961). Venue in a patent case is governed exclusively by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516 (2017) (quoting 28 U.S.C. § 1400(b)). Plaintiff bears the burden of establishing proper venue. *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

For purposes of § 1400(b), a domestic company "resides" only in the State in which it is incorporated. *TC Heartland LLC*, 137 S. Ct. at 1520. A defendant has "a regular and established place of business" in a District when three requirements are met: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, at 1360 (Fed. Cir. 2017). "If any [of these] statutory requirement[s] is not satisfied, venue is improper under § 1400(b)." *Id*. Doing business in a District cannot, by itself, support a finding of venue in a patent case. *In re Cray Inc.*, 871 F.3d 1355, at 1361 ("As the district court correctly stated, 'the regular and established place of business standard requires more than. . . the doing business standard of the general venue provision'[.]") (internal citations omitted).

Moreover, "where related companies have maintained corporate separateness, the place of business of one corporation cannot be imputed to the other for venue purposes[.]" *Andra*, 6 F. 4th at 1289 (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 334–35 (1925) and 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3823 & nn.25-26 (4th ed.)).

### B. Rule 12(b)(6) and *Twombly*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility" standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### IV. ARGUMENT

3

### A.   Improper Venue

The Complaint should be dismissed because venue in this District is improper as to MBUSA. MBUSA does not "reside" and has no "regular or established place of business" in this District. That dealerships owned and controlled by third parties are not places of business *of MBUSA* has been made indisputably clear in the Federal Circuit's latest *Andra* decision. 6 F. 4th at 1289. And because MBUSA does not have a regular and established place of business in this District, the venue flaw in the Complaint cannot be remedied and any attempted amendment would be futile. Should the Court be inclined to transfer rather than dismiss this case due to improper venue, then, pursuant to § 1406, MBUSA should be transferred to the Northern District of Georgia, where MBUSA has its principal place of business.

#### 1.   MBUSA Does Not "Reside" In This District

For venue pursuant to 28 U.S.C. § 1400(b), a corporate defendant "resides" only in its State of incorporation. *TC Heartland*, 137 S. Ct. 1514, 1517 (2017). MBUSA is a Delaware limited liability company headquartered in Sandy Springs, Georgia. Lind Decl., ¶3. As a result, MBUSA does not "reside" in this District. Westport does not contend otherwise.

#### 2.   MBUSA Does Not Have A "Regular And Established Place Of Business" In This District

MBUSA also does not have a "regular and established place of business" in this District. For MBUSA to have one: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355 at 1360 (Fed. Cir. Sept. 21, 2017). MBUSA's principal place of business is in Sandy Springs, Georgia. Lind Decl., ¶3. MBUSA has facilities in other Districts in the country, but it

does not have any facilities in this District. Lind Decl., ¶4.[2]

The Complaint's sole allegation regarding any supposed "regular and established place of business" in this District is an allegation that third-party dealerships are sufficient to provide venue. Specifically, the Complaint alleges "[u]pon information and belief, (a) Defendant conducts its business of the distribution of new automobiles to the consuming public in this District through authorized dealers in this District, which Defendant holds out to the public as its own (including, for example, Mercedes-Benz of McKinney located in McKinney, Texas); and (b) Defendant conducts its business of the provision of new purchase warranties and service pursuant to those warranties to the consuming public in this Judicial District through its authorized dealership(s) located in this Judicial District." Dkt. No. 1, ¶10.

The Complaint purports to establish venue by alleging that the single identified third-party dealership in the Eastern District of Texas, along with unnamed other third-party dealerships, are regular and established places of business of MBUSA. Specifically, the Complaint alleges MBUSA has "established, ratified, and/or controlled" the dealers "as authorized dealers, which are the places of business at which [MBUSA] offers for sale, sells, and provides authorized maintenance, warranty, and recall services." Dkt. No. 1 at ¶11. But this ratification theory has been explicitly rejected by the Federal Circuit. *Andra*, 6 F. 4th at 1289.

> **a. Mercedes dealerships are not regular and established places of business under Federal Circuit and other case law.**

Under the Federal Circuit's latest *Andra* decision, the places of business of third-party

---

[2] That MBUSA is registered with the Secretary of State to *do business* in Texas is insufficient to satisfy the venue requirements of § 1400(b). § 1400(b) requires a "regular and established *place of business*." *See Gaddis v. Calgon Corp.*, 449 F.2d 1318, 1320 (5th Cir. 1971); *Brunette Mach Works Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 713 n.13 (1972) (distinguishing venue where defendant is "doing business" under § 1391(c) from venue where a defendant has a "regular and established place of business" under § 1400(b)).

5

dealerships cannot be imputed to MBUSA for venue because they are independent business entities from MBUSA, and there is no basis to pierce the corporate veil. *Id*. ("A threshold inquiry when determining whether the place of business of one company can be imputed to another, related company is whether they have maintained corporate separateness."). There is no dispute that the dealerships are separate companies owned by others (not MBUSA). Lind Decl., ¶6. In fact, Texas law ***precludes*** a third-party dealership from being owned, operated, or controlled by MBUSA, and states that distributors like MBUSA may not: "(1) own an interest in a franchised or nonfranchised dealer or dealership; (2) operate or control a franchised or nonfranchised dealer or dealership; or (3) act in the capacity of a franchised or nonfranchised dealer."[3] Tex. Occ. Code Ann. § 2301.476(c). Similarly, the agreements between MBUSA and third-party dealerships in this District provide that each dealer is an independent business and confirm that MBUSA and the dealerships are distinct entities. (Ex. A at § XIV.D.)[4]

Websites of third-party dealerships in this District provide clear notice that they are owned and operated by entities other than MBUSA. *See*, *e.g.*, Ex. B ("Mercedes-Benz of McKinney, a ***Sonic Automotive Dealership***") (emphasis added). Thus, third-party dealerships in this District

---

[3] Texas statute provides limited exceptions permitting a manufacturer or distributor to own an interest in or otherwise control a dealership for a limited time period. *See, e.g.*, Tex. Occ. Code Ann. §§ 2301.476(d), (e), (g). However, MBUSA does not own or operate any dealership in this District pursuant to such an exception, and MBUSA has never done so in the past. Lind Decl., ¶5.

[4] The approach the Federal Circuit took in the *Andra* decision is consistent with what lower courts have been doing in similar circumstances. *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018) ("For purposes of venue, '[s]o long as a formal separation of [closely related] entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other.'") (citing 14D Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3823 (4th ed. 2018)); *Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017), report and recommendation adopted, No. 2:17-CV-00293-RWS, 2017 WL 6452802 (E.D. Tex. Dec. 18, 2017) ("[f]or any 'regular and established place of business' of AT&T Services to be imputed to AT&T Inc., AT&T Services and AT&T Inc. must lack formal corporate separateness, which is a difficult standard to meet ….").

are not owned or controlled by MBUSA and do not hold themselves or their property (e.g., their physical locations, websites) out as being owned or controlled by MBUSA.

Under the *Andra* decision, "giving reasoned consideration to all relevant factors or attributes of the relationship" between MBUSA and the third-party dealerships, Westport has not met its burden to show MBUSA has ratified the dealerships locations as its own places of business, such that MBUSA may be said to maintain a regular and established place of business in the District. 6 F.4th at 1289-90. In *Andra*, the Federal Circuit opined on a similar issue of whether related Victoria's Secret ("VS") entities ratified VS retail stores in this District as their places of business. *Id.* at 1287-90. Andra similarly argued that the VS entities ratified the retail stores by (1) controlling store operations and holding store locations out as its own in public filings; (2) listing store locations on the website and directing customer to make physical returns of merchandise purchased online only in the stores; or (3) distributing and selling VS brand merchandise exclusively from the stores. *Id.* The Federal Circuit, however, held that these facts at most show "the entities work together in some aspects," which is insufficient to show ratification. *Id.*

Much like the VS entities in *Andra*, MBUSA does not engage in business from the dealerships' facilities, and at most work with the dealerships in a contractual relationship. As discussed, MBUSA does not even indirectly own the dealerships, while in *Andra*, the retail stores were actually owned and operated by a subsidiary of one of the VS entities. *Id.* at 1286. MBUSA has also never held out any dealership within this District as its own place of business. Moreover, MBUSA does not own the property on which these dealerships operate. Lind Decl., at ¶8. It does not display its corporate name "Mercedes-Benz USA, LLC" in the dealerships' locations.. MBUSA "[carries] out different business functions than [the dealerships]." *See Andra*, 6 F.4th at 1289-90; Lind Decl., at ¶7 ("MBUSA offers to sell and sells vehicles to the Eastern District

7

Dealers…."). It does not design dealers' facilities for them; third-party dealers, including those in this District, build their own facilities. Lind Decl., at ¶10. And if a dealership agreement is terminated, MBUSA would have no rights to take over the dealership. *Id.* at ¶13.[5]

Westport may point to the third-party dealerships' use of "Mercedes-Benz" trademarks and brand images to try link MBUSA to its dealers. But, as the Federal Circuit pointed out in *Andra*, MBUSA and the dealerships' shared use of "Mercedes-Benz" in their names "does not detract from the separateness of their businesses." 6 F.4th at 1289-90. Here, there is even less support for finding that the use of the "Mercedes-Benz" trademark by third-party dealerships provides a basis for obtaining venue over MBUSA, as MBUSA itself does not even own the relevant trademarks. Lind Decl., ¶12.[6]

Third-party dealerships also do not comprise regular and established places of business of MBUSA because neither the dealer identified in Westport's Complaint nor any other third-party

---

[5] Consistent with the *Andra* decision, courts have held this type of business relationship with dealers does not establish venue under § 1400(b). *See Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1383 (Fed. Cir. 2019) (holding contractual distribution relationship is not sufficient to establish venue); *W. View Rsch., LLC v. BMW of N. Am., LLC*, No. 16-CV-2590 JLS (AGS), 2018 WL 4367378, at *8 (S.D. Cal. Feb. 5, 2018) (holding that third-party dealerships' physical locations are not "regular and established places of business" of the distributor); *Omega Pats., LLC v. Bayerische Motoren Weke AG,* 508 F.Supp.3d 1336, 1339-40 (N.D. Ga. 2020) (same).

[6] Lower courts have arrived at the same conclusion. *See Bd. of Regents, Univ. of Texas Sys. v. Medtronic,* No. A-17-CV-0942-LY, 2018 WL 4179080, *1-2 (W.D. Tex. July 19, 2018) (holding subsidiary's use of the name "Medtronic" on the exterior of a building and in press releases announcing the business was insufficient to support a finding of venue, or a finding that Medtronic, Inc. had ratified this building as its own regular and established place of business); *Post Consumer Brands, LLC v. Gen. Mills, Inc.*, No. 4:17-CV-2471-SNLJ, 2017 WL 4865936, at *2 (E.D. Mo. Oct. 27, 2017) (while subsidiary's plant had a "General Mills" sign on it, the court held there was no venue over parent General Mills, Inc. in the district); *Symbology Innovations, LLC v. Lego Sys.*, 282 F.Supp.3d 916, 930-33 (E.D. Va. 2017) (subsidiary's Lego brand stores in the district were insufficient for venue over parent Lego Systems, Inc. absent a lack of formal corporate separateness); *Interactive Toybox v. Walt Disney Co.,* Case No. 1:17-CV-1137-RP, 2018 WL 5284625, at *3 (W.D. Tex. Oct. 24, 2018) (not imputing retail Disney stores, which use Disney trademarks and trade dress, to parent Disney company for venue purposes).

dealer in this District acts as MBUSA's agent. *Andra*, 6 F.4th at 1287-89; *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020). MBUSA's relationship with each dealer in this District is the result of an arms-length negotiation, governed by a dealership agreement that expressly recognizes the dealer as an independent business. Lind Decl., ¶9; Ex. A at § XIV.D. MBUSA does not have the right to direct or control the dealers' actions or vice versa—third-party dealers in this District operate independently from MBUSA pursuant to Texas law (Tex. Occ. Code Ann. § 2301.476 (West)) and their respective dealership agreements. Lind Decl., ¶8; Ex. A at § XIV.D. No dealer has the authority to bind MBUSA in any manner. Lind Decl., ¶9; Ex. A at § XIV.D.

Employees of the third-party dealerships are not MBUSA's agents as well because MBUSA "does not have the right to direct or control" the dealerships' employees—"an essential element of an agency relationship." *Andra*, 6 F.4th at 1288. None of the owners, operators or employees of the third-party dealers are employees or agents of MBUSA. Lind Decl., ¶8. MBUSA is not involved in and does not control or dictate the hiring, firing, recruiting, or compensation of any employees of the dealerships. *Id.* Westport may contend that there is an agency relationship because the customers are directed to the dealerships for warranty or other services. Like that in *Andra*, however, Westport has not shown and cannot show that MBUSA controls dealerships in this District in connection with warranty or services, and thus these allegations are insufficient to establish an agency relationship.

### b. Third-party dealerships are not "regular and established places of businesses" under the since-vacated *Blitzsafe* decision

A court in this District has, in a since-vacated decision, identified a number of facts that it has in the past considered relevant to whether a distributor has "adopted or ratified" a dealership as its place of business. *Blitzsafe Texas, LLC v. Bayerische Motoren Werke AG*, No. 2:17-CV-00418-JRG, 2018 WL 4849345, at *7-11 (E.D. Tex. Sept. 6, 2018), *vacated sub nom. Blitzsafe*

9

*Texas LLC v. Mitsubishi Elec. Corp.*, No. 2:17-CV-00418-JRG, 2019 WL 3494359 (E.D. Tex. Aug. 1, 2019). It is unclear whether Westport will attempt to use this vacated decision, and the Court did not have an opportunity to issue a ruling on reconsideration before the case was resolved. Moreover, the Federal Circuit's seminal decision in *Andra* decisively affirms the prevailing holding over the years that "facilitating business and services through an independent entity is not enough for ratification" when corporate separateness is maintained. *Andra*, 6 F.4th at 1287-89 *Omega*, 508 F.Supp.3d at 1343. Even under *Blitzsafe*, MBUSA has not "adopted or ratified" any dealership in this District as its own place of business.

***First***, in *Blitzsafe* this Court found a nonresident distributor "adopted or ratified" a dealership that bore the same name as the distributor. 2018 WL 4849345, at *8. This Court noted that those dealerships displayed the distributor's logo without reservations such as "authorized dealer" or "exclusive distributor." *Id*. The Federal Circuit, however, explicitly stated in *Andra*, that shared use of brand name like "Mercedes-Benz" does not support imputing venue from a separate business entity especially when the in-district entities do not display the out-district defendant's corporate name. 6 F.4th at 1289-90. Although third-party dealerships in this District use certain "Mercedes-Benz" trademarks on their signage, they do not display any signage or information holding these locations out to the public as **MBUSA places of business**.

The dealers' use of the Mercedes-Benz product names is also required for them to comply with the Texas Occupations Code, which states that "[a] franchised dealer may not operate without appropriate signs that . . . identify the dealer's place of business and the products the dealer offers for sale." Tex. Occ. Code Ann. § 2301.354(a). Again, the use of "Mercedes-Benz" with a dealership's name is to identify the products offered for sale, not an indication of a place of business of MBUSA. As affirmed by *Andra*, Any public perception that the two entities may be

10

associated is not a consideration in establishing venue. 6 F.4th at 1287-90; *see also e.g.*, *Medtronic PLC*, 2018 WL 4179080 at *2 ("Except where corporate formalities are ignored and an alter ego relationship exists, the presence of a corporate relative in the district does not establish venue over another separate and distinct corporate relative.").

**Second**, in *Blitzsafe* this Court found a nonresident distributor "adopted or ratified" dealerships when that distributor's website reflected the dealerships were "places of [the distributor] with respect to the purchase of new vehicles." 2018 WL 4849345, at *8. This idea of ratification through website listing has also been explicitly rejected by the Federal Circuit in *Andra*. 6 F.4th at 1289-90 ("the mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient") (citing *In re Cray*, 871 F.3d at 1364). Moreover, customers may use MBUSA's website to search vehicle inventory at third-party dealerships, but the offering for sale and sale of vehicles is done by the third-party dealerships, which independently control final pricing and ultimate sale of Mercedes-Benz vehicles. Decl., ¶15.[7]

**Finally**, in *Blitzsafe* this Court found a nonresident distributor "adopted or ratified" dealerships based on provision of warranty services through those dealerships. 2018 WL 4849345, at *8. However, the idea of ratification based on having in-district entities providing certain services for out-district defendant has also been rejected by the Federal Circuit in *Andra*. 6 F. 4th at 1289. There, the Federal Court held that the online VS vendor did not ratify the retail stores in this District by directing customers to make physical returns of merchandise purchased online only

---

[7] Consistent with its role as a general marketer of Mercedes vehicles in the United States, MBUSA's website redirects customers to third-party dealerships which compete with one another for respective sales. Lind Decl., ¶15. Even if MBUSA's website is somehow viewed as providing targeted advertising at this District, this is, at most, evidence of MBUSA doing business in this District, not evidence of MBUSA having a regular and established place of business here. *In re Cray*, 871 F.3d at 1362.

11

in those stores. *Id*. Here, the customers are not even buying from MBUSA but directly from the dealerships.

Moreover, MBUSA itself provides no service or repair work in this District, and, indeed, is prohibited by Texas law from performing such work, as dealerships provide warranty service and a distributor is prohibited from controlling a dealership or acting in the capacity of a dealer. *Compare* Tex. Occ. Code Ann. § 2301.002 (defining operations of dealerships) *with id.* at § 2301.476(c) (restricting operations of a manufacturer or distributor). Third-party dealerships perform service work (including warranty work) without prior approval from MBUSA. Ex. A at 7. Dealers are also free to perform services that are not covered under warranty at their own cost or by charging the customer. *Id*.[8]

In sum, as explained above, venue is not proper as to MBUSA because MBUSA does not "reside" and has no "regular and established place of business" in this District, and the Complaint should be dismissed for improper venue. In the alternative, should the Court be inclined to transfer the case due to venue being improper, MBUSA should be severed from the present action and transferred pursuant to § 1406 to the Northern District of Georgia, where MBUSA has its principal place of business.

### B. Failure to State a Claim Of Indirect Infringement

It is unclear from the Complaint whether Westport intends to allege indirect infringement against MBUSA. In the Complaint, Westport makes a single reference, in the Prayer for Relief,

---

[8] It is unclear whether Westport will try to use a similar decision by another court in this District, in which a magistrate judge issued a report and recommendation finding venue proper over MBUSA in this District on the basis of third-party dealerships. *Arigna Tech. Ltd. v. Volkswagen AG,* No. 2:21-cv-00054-JRG, Dkt. No. 424 (E.D. Tex. Jan. 21). That recommendation carries no precedential weight. Indeed, shortly after the recommendation, that court stayed the case *sua sponte* pending Federal Circuit guidance on whether third-party automobile dealerships could support venue over unrelated automobile distributors. *Id.* Dkt. No. 464.

12

for a judgment that MBUSA "infringes, directly and/***or indirectly***" the asserted patents. Dkt. No. 1 at 17 (emphasis added). However, the complaint makes no other mention of indirect infringement. To the extent Westport intended to plead an indirect infringement claim, such should be dismissed for failure to state a claim.

To state a claim for induced infringement, one must plead (1) underlying direct infringement by another; and (2) that the defendant undertook an affirmative act to encourage infringement, with knowledge that its actions would cause infringement. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016). To state a claim for contributory infringement, one must plead: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

Here, Westport does not plead any of these legal requirements, let alone facts to support them. Simply referencing indirect infringement, with no supporting allegations, does not state a plausible claim for indirect infringement. For these reasons, to the extent Westport intended to plead a claim for indirect infringement, such should be dismissed. *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4-6 (E.D. Tex. Aug. 14, 2015) (dismissing the indirect infringement claims for lack of factual basis upon which a plausible inference of indirect infringement can be drawn); *Nobelbiz, Inc. v. Insidesales.com, Inc.*, No. 6:13-CV-360-MHS, 2014 WL 12378804, at *4 (E.D. Tex. Oct. 14, 2014) ("[w]hile a plaintiff need not *prove* its case at the pleading stage, [the] First Amended Complaint lacks enough facts to state a plausible claim of indirect infringement.").

**V.   CONCLUSION**

For the reasons discussed above, the claims against MBUSA should be dismissed.

13

Dated: February 22, 2022

Respectfully submitted,

*/s/ Eric H. Findlay*
Eric H. Findlay
Texas State Bar No. 00789886
**FINDLAY CRAFT, P.C.**
102 North College Avenue
Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
efindlay@findlaycraft.com

Celine J. Crowson (*PHV* application forthcoming)
Joseph J. Raffetto (*PHV* application forthcoming)
Hogan Lovells US LLP
555 Thirteenth St, NW
Washington, DC 20004
Telephone:  (202) 637-5703
Facsimile:  (202) 637-5910
Email:  celine.crowson@hoganlovells.com
Email:  joseph.raffetto@hoganlovells.com

***Counsel for Defendant Mercedes-Benz USA, LLC***

## CERTIFICATE OF SERVICE

I certify that on February 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Eric H. Findlay*
Eric H. Findlay