IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WESTPORT FUEL SYSTEMS CANADA INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:21-CV-00455-JRG-RSP (LEAD) |
| NISSAN NORTH AMERICA. INC. | § § § § | |

# ORDER

Nissan North America, Inc. ("Nissan") previously moved to dismiss for improper venue. Dkt. No. 11. Magistrate Judge Payne entered a Report and Recommendation, Dkt. No. 119, recommending that the Court grant Nissan's motion to dismiss. Westport Fuel Systems Canada Inc. ("Westport") has now filed objections. Dkt. No. 125.

Westport first argues the Federal Circuit's explanation of "regular" simply requires a showing of a series of acts and does not require either predictability or the preservation of a space for Nissan employees at the dealership. *Id.* (citing *In re Cray*, 871 F.3d 1355, 1362 (Fed. Cir. 2017). As the Federal Circuit explained, "[a] business may be 'regular,' for example, if it operates in a steady, uniform, orderly, and methodical manner. In other words, sporadic activity cannot create venue." *In re Cray*, 871 F.3d at 1362 (cleaned up). Westport's argument that venue is proper after a series of acts contradicts the view that "sporadic activity cannot create venue." *Id.* Accordingly, Westport must show something more than "sporadic activity" in the district.

As the report finds, Westport's evidence fails to show that the presence of Nissan employees is "steady, uniform, orderly, and methodical." Dkt. No. 115 p 5. Importantly, Westport's evidence of Nissan employee presence in the district primarily consisted of and relied

on numerous in-person dealership visits over the course of a year between several Nissan employees responsible for every Nissan dealership in the district.[1] Indeed, Westport's evidence demonstrates a series of visits. Nonetheless, the same does not demonstrate a presence that is "steady, uniform, orderly, and methodical." *In re Cray*, 871 F.3d at 1362. Further, the Court does not read the report as requiring a preservation of space. Such a showing is merely exemplary of what the Court might consider under the regular and established prong of *Cray*.

Westport next argues that the report failed to consider the totality Nissan employee presence in the district, together with Nissan equipment at the dealerships, together with Nissan personal property in the district, together with Nissan's contractual control over the dealerships. However, Westport has not convinced the Court that the existence of Nissan equipment or personal property within the district is relevant to the question of whether Nissan "had an employee … with a regular, physical presence at its 'place of business' and whether that employee … was conducting [Nissan]'s business." Dkt. No. 115 (citing *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020)). Accordingly, the report was left to consider Nissan employee presence and contractual control. As discussed above, the evidence demonstrating employee presence in the district was insufficient to demonstrate regularity above sporadic activity. Additionally, the report provides a comparisons of contractual provisions Westport claims is relevant to interim control with similar provision discussed by the Federal Circuit in *In re Volkswagen Group of America, Inc.*, 28 F.4th 1203 (2022). The contractual provisions Westport relies on in its objections were either discussed in the report or otherwise "'are merely reflective of the ordinary desire of manufacturers to set sufficient minimum performance and quality standards to protect the good name of their trademark that they are allowing another to display' and 'do not establish, without more, the kind of close

---

[1] The objection suggests that there are a total of 76 dealerships in the district. Dkt. No. 122 p 4.

control … that would indicate' " an agency relationship. Dkt. No. 115 (citing *Volkswagen*, 28 F.4th at 1213 (citing *Theos & Sons, Inc. v. Mack Trucks, Inc.*, 431 Mass. 736, 744, 729 N.E.2d 1113 (2000))).  Further, Westport has not convinced the Court that the regular and established prong of *Cray* is satisfied by a combination of employee presence that is not "steady, uniform, orderly, and methodical" with contractual provisions insufficient to show interim control.

Consequently, the Court **OVERRULES** Westport's objections, **ADOPTS** the Report and Recommendation and orders that Nissan's motion to dismiss for improper venue, Case No. 2:21-cv-00454, Dkt. No. 11., is **GRANTED**.

**So ORDERED and SIGNED this 28th day of September, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE